**Michael NAHABET, Plaintiff-counter-defendant—Appellant,**

v.

**CHEVRON PRODUCTS COMPANY, Defendant—Appellee,**

**Chevron USA Inc., a Corporation, Defendant-counter-claimant—Appellee.**

No. 01–57254.

D.C. No. CV–00–06788–NMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 2002.

Decided Oct. 23, 2002.

of this circuit except as provided by Ninth Circuit Rule 36–3.

Before REINHARDT, LEAVY, and TROTT, Circuit Judges.

## MEMORANDUM *

Michael Nahabet ("Nahabet") appeals the district court's grant of summary judgment in favor of Chevron USA ("Chevron"). We have jurisdiction over Nahabet's timely appeal pursuant to 28 U.S.C. § 1291, and we review the district court's grant of summary judgment de novo. *Clicks Billiards, Inc. v. Sixshooters, Inc.,* 251 F.3d 1252, 1257 (9th Cir.2001). Viewing the evidence in the light most favorable to Nahabet, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law. *Robi v. Reed,* 173 F.3d 736, 739 (9th Cir. 1999). We affirm.

Nahabet's failure to maintain and produce the Z Reports constituted a breach of a material and properly incorporated provision of the Dealer's Lease. For that reason, Chevron could have rightfully terminated Nahabet's franchise. On June 22, 2000, Chevron served Nahabet with a Notice of Termination which stated that Chevron intended to terminate Nahabet's franchise in ninety days for failure to maintain required records. Chevron, however, included within the Notice of Termination an offer that Nahabet could cure his breach:

> [I]f during the 90 day period prior to the Termination Date, you produce sufficient books and records to enable you to demonstrate to Chevron's satisfaction that you have fully complied with law [sic] with respect to your operation of

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the Premises and have in fact paid to Chevron in a timely manner all rents due to Chevron under the Dealer Lease, Chevron will withdraw this termination notice.

Nothing required Chevron to extend to Nahabet the right to cure his material breach; it could have terminated him without further discussion. Nevertheless, Chevron gratuitously extended to Nahabet an opportunity to submit sufficient books and records to enable him to demonstrate that he had timely paid all rents due to Chevron.

Nahabet had previously submitted a box of financial documents to Chevron, including purchase invoices and Nahabet's daily sales journal, but he failed to provide any new documents or records to Chevron in response to the notice of termination. Although given the opportunity to make his case, he did simply not do so. Nahabet, through his purported expert, Bedig Araradian, argues, however, that a comprehensive audit was possible with the documents Chevron already had in its possession. Chevron counters that Nahabet has not and cannot produce "books and records" which contain the same information as contained in the Z Reports. Red Br. 38 ("Z Reports are unique, serving a function that only they can serve.").

Heretofore Nahabet has made no meaningful effort to demonstrate how the documents submitted to Chevron could serve as a substitute for the Z Reports. In fact, Nahabet's accountant, Araradian, referred only to a "little bit that [he had] seen of the audit and the procedures of the audit." Moreover, there is no evidence in the record as to what exactly Nahabet supplied the auditor at the time of audit. Chevron's auditor saw what Nahabet had provided and testified that the could not complete the audit. While Nahabet's accountant expressed his opinion that the audit could have been completed with the record previously supplied, his opinion carries no tangible weight given his clear lack of a competent foundation to speak knowledgeably and competently about it. Examining only a "little bit" of the audit and the procedures falls fatally short of what would be necessary for Nahabet to carry his burden against a motion for summary judgment. This testimony and evidence is insufficient to raise a material issue of fact.

Nahabet's other arguments on appeal lack merit.

AFFIRMED.

REINHARDT, Circuit Judge, *dissenting.*

The Petroleum Marketing Practices Act allowed Chevron, upon learning of grounds for termination, 120 days to issue a termination notice. 15 U.S.C. § 2802(b)(2)(A)(i). Although Chevron possessed the right to terminate its lease with Nahabet, instead it provided him with a chance to cure his material breach in its Notice of Termination. Once given this opportunity, Nahabet could have cured his breach with "books and records," and not only with the Z reports required by Chevron's original Dealer Agreement. Nahabet did in fact provide his "books and records" to Chevron, albeit prior to receipt of the notice. Accordingly, there exists an unresolved factual issue as to whether Chevron could have conducted an adequate audit with the materials Nahabet furnished it: an issue that precludes summary judgment. I would therefore hold that the district court erred in granting summary judgment to Chevron. Accordingly, I respectfully dissent.